Consuelo Cardona MOLINA; Roberto Luis Dunoyer Mejia; Pablo Dunoyer Cardona; Camilo Dunoyer Cardona, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74092.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 19, 2008.

Douglas D. Nelson, Esq., San Diego, CA, for Petitioners.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Consuelo Cardona Molina; her husband, Roberto Dunoyer Mejia; and their two

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

children, Pablo Dunoyer Cardona and Camilo Dunoyer Cardona, all natives and citizens of Colombia, petition for review of a Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

Where the BIA adopts and affirms the IJ's decision, we review the IJ's decision as if it were that of the BIA. *See Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (en banc). We review the factual findings underlying denial of an asylum application for substantial evidence. *See Li v. Ashcroft*, 356 F.3d 1153, 1157 (9th Cir.2004) (en banc).

Here the petitioners claim that members of the Jaime Bateman Cayon Group, a leftist guerilla political organization in Colombia, attempted to extort money from them and threatened to kidnap their son, at least in part, because of their political opinion. Substantial evidence supports the IJ's determination that the petitioners failed to demonstrate that these acts were "on account of" any political opinion. *See Molina–Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir.2001) (concluding that, absent any evidence in the record, petitioner was not persecuted on account of any actual or imputed political opinion). The evidence, instead, shows a non-political motivation: the petitioners' perceived ability to pay. We therefore hold that the petitioners have failed to establish eligibility for asylum.

Because the petitioners failed to establish eligibility for asylum, they necessarily fail to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

We lack jurisdiction to review the denial of CAT relief because the petitioners failed to raise, and therefore exhaust, that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

PETITION FOR REVIEW DENIED in part; DISMISSED in part.